**ORDERED on October 5, 2026**

Mary W. Colón
Chief U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

NIXON ARNEUS,

Debtor.

CASE NO.: 26-10152-MWC
CHAPTER: 7

_________________________________/

NIXON ARNEUS,

Plaintiff,

v.

WINDSTREAM CAPITAL, LLC, et al.

Defendants.

ADV. NO.: 26-01012-MWC

_________________________________/

## ORDER DENYING *MOTION FOR RECONSIDERATION PURSUANT TO BANKRUPTCY RULE 9023 (FED. R. CIV. P. 59(e))* (Doc. 49)

THIS ADVERSARY PROCEEDING is before the Court on the *Motion for Reconsideration Pursuant to Bankruptcy Rule 9023 (Fed. R. Civ. P. 59(e))* ("Reconsideration Motion," Doc. 49) filed by self-represented

Plaintiff, Nixon Arneus, and *Defendant Windstream Capital LLC's Response in Opposition to Plaintiff's Motion for Reconsideration* (Doc. 62).[1] For the reasons set forth below, the Reconsideration Motion is due to be denied.

**The Reconsideration Motion is Untimely Under Bankruptcy Rule 9023.**

Plaintiff seeks to alter or amend this Court's *Order Granting, in Part, Windstream Capital LLC's Motion to Dismiss Adversary Complaint with Prejudice* ("Dismissal Order," Doc. 34) pursuant to Bankruptcy Rule 9023 and Civil Rule 59(e).[2] Bankruptcy Rule 9023, which makes Civil Rule 59 applicable to all cases under the Bankruptcy Code, including this adversary proceeding, provides that a motion to alter or amend a judgment "must be filed within 14 days after the judgment is entered."[3] The Dismissal Order was entered on July 30, 2026. Plaintiff filed the Reconsideration Motion on September 1, 2026, thirty-three (33) days

---

[1] The *Debtor's Reply in Support of Motion for Reconsideration*, Doc. 65, is not properly before the Court. Plaintiff did not seek nor obtain leave from this Court to file a reply memorandum in support of the Reconsideration Motion. <u>See</u> N.D. Fla. LBR 1001-1(C) (applying the District Court's Local Rules to bankruptcy cases and adversary proceedings); N.D. Fla. Loc. R. 7.1(I) (providing that, except for summary judgment motions under specific circumstances, a party may not file a reply memorandum in support of a motion without first obtaining leave from the Court, which the Court may grant in extraordinary circumstances); N.D. Fla. Loc. R. 41.1 (providing that if a party fails to comply with an applicable rule, the Court may strike a pleading). However, even if it were, it does not raise additional issues that would warrant reconsideration.

[2] All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure. All references to "Civil Rule" are to the Federal Rules of Civil Procedure.

[3] Fed. R. Bankr. P. 9023(b).

after entry of the Dismissal Order, so the Reconsideration Motion is untimely under Bankruptcy Rule 9023.[4]

Plaintiff's assertion that the Reconsideration Motion is timely because it was filed within seven (7) days of the Court's September 1, 2026 order misconstrues that ruling. The *Order Striking Motions and Other Papers Filed by Interested Party Kevin Arneus (Docs. 37, 38, 39, 40, 42)* ("Order Striking," Doc. 48) struck five (5) filings, including the Improper Reconsideration Motion, submitted by Plaintiff's non-attorney son, Kevin Arneus, because a non-lawyer may not represent another person in bankruptcy proceedings.[5] The Order Striking separately granted Plaintiff a seven-day extension solely to file his own notice of appeal under Bankruptcy Rule 8002(d).[6] The Order Striking did not extend, toll, or restart the Rule 9023 fourteen-day deadline, nor did it authorize Plaintiff to refile his son's stricken motion in his own name.[7]

---

[4] A *Motion for Reconsideration Pursuant to Bankruptcy Rule 9023 (Fed. R. Civ. P. 59(e))*, Doc. 37 ("Improper Reconsideration Motion") with Certificate of Service was filed on August 11, 2026 by an interested party and not by Defendant. The Court properly entered an order striking the Improper Reconsideration Motion on September 1, 2026. See Doc. 48. The Court previously struck pleadings in the Administrative Bankruptcy Case that were filed on July 20, 2026, by an interested party instead of by Debtor/Plaintiff. See *Order Striking Emergency Motion for Continuance of Hearing and Request for Ruling on Written Submissions (ECF No. 46)*, In re Arneus, Case No. 26-01012-MWC (Bankr. N.D. Fla. July 20, 2026), Doc. 50.

[5] Doc. 48.

[6] Id., p. 3, ¶ 2.

[7] Doc. 62, pp. 3–4.

Further, Bankruptcy Rule 9006 prohibits a court from extending the time under Bankruptcy Rule 9023.[8] The Order Striking only extended the time, pursuant to Bankruptcy Rule 8002(d), for Plaintiff to file a notice of appeal. Bankruptcy Rule 8002 does not authorize a court to extend the time under Bankruptcy Rule 9023.[9] Accordingly, the fourteen-day period ran from entry of the Dismissal Order on July 30, 2026, and Plaintiff's Motion, filed September 1, 2026, is untimely by more than a month.[10]

**Even If the Reconsideration Motion Was Timely Filed, Plaintiff Would Not Be Entitled to Relief Under Civil Rule 59(e).**

Given the Reconsideration Motion's untimeliness, the Court need not address these arguments, but notes that Plaintiff's arguments fail on the merits for the reasons already stated in the Dismissal Order. "The only grounds for granting a [Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact."[11] The Eleventh Circuit has made clear that a Rule 59(e) "motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could

---

[8] Fed. R. Bankr. P. 9006(b)(2) ("The court must not extend the time to act under Rules . . . 7052, 9023, and 9024.").

[9] See Fed. R. Bankr. P. 8002(b)(1) (providing that only a motion under Rule 7052(b) or 9023 that is filed within the time allowed by those rules, or a motion for relief under Rule 9024 filed no later than 14 days after entry of the judgment, postpones the running of the time for appeal until the entry of the order disposing of the motion).

[10] See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (stating *pro se* litigants are not relieved from following procedural rules).

[11] Kellogg v. Schreiber (In re Kellogg), 197 F.3d 1116, 1119 (11th Cir. 1999).

have been raised prior to the entry of judgment," and that "this prohibition includes new arguments that were previously available, but not pressed."[12]

Plaintiff's current arguments are nearly identical or slightly rephrased versions of positions previously asserted in his Opposition.[13] Plaintiff's Rooker-Feldman argument was raised in the Opposition and is foreclosed by the Dismissal Order's application of the four-factor test in Titusville-Cocoa Airport Auth., under which Counts I–III invite this Court to review and reject the Final Judgment of Foreclosure.[14] Plaintiff's "void, not voidable" assignment argument likewise restates the Opposition and does not change that Counts I–III require relitigating an assignment already adjudicated in the foreclosure action.[15] Plaintiff's arguments on Neil F. Luria's authority under § 1107(a) and the timing of the Certificate of Sale were also raised in the Opposition.[16]

Plaintiff's request for joinder of the Clerk of Court ignores that the Dismissal Order rested on two independent grounds—failure to serve the

---

[12] Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (citation modified).
[13] Compare Reconsideration Motion, Doc. 49, with *Debtor's Opposition to Defendant Windstream Capital LLC's Motion to Dismiss Adversary Complaint*, Doc. 28 ("Opposition").
[14] Doc. 34, at 7 (quoting Titusville-Cocoa Airport Auth. v. Islands Int'l Group, Inc., 2026 WL 2128538, at *4 (M.D. Fla. July 23, 2026)); compare Doc. 49, pp. 2–4, with Doc. 28, pp. 5–8.
[15] Doc. 34, pp. 4–5, 7.
[16] Doc. 28, p. 6.

Clerk and lack of authority to issue mandamus-type relief against a state official—only one of which joinder could even arguably cure.[17] A Civil Rule 59(e) motion is not a vehicle to relitigate matters already rejected, and Plaintiff's arguments would fail even if timely.

**The Reconsideration Motion also Fails under Civil Rule 60(b).**

Because Plaintiff is self-represented, the Court also construes the Reconsideration Motion, in the alternative, as a motion for relief from judgment under Bankruptcy Rule 9024 (Fed. R. Civ. P. 60(b)), which has a separate standard from Bankruptcy Rule 9023 and its own timing regime.[18] So construed, the Reconsideration Motion still fails on the merits and is due to be denied.

Civil Rule 60(b) enumerates the exclusive grounds for relief from judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or discharge of the judgment; or (6) any other reason that justifies relief.[19]

---

[17] Doc. 34, pp. 8–9 (citing Lamar v. 118th Jud. Dist. Ct. of Tex., 440 F.2d 383, 384 (5th Cir. 1971); Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988)).

[18] Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60(c) (requiring that a motion under Civil Rule 60(b) be made "within a reasonable time," and, for motions under Civil Rule 60(b)(1), (2), or (3), no later than one year after entry of the judgment). See also Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (courts construe *pro se* filings liberally).

[19] Fed. R. Civ. P. 60(b).

It is not a vehicle for relitigating arguments that were or could have been raised before entry of judgment.[20] Plaintiff identifies no mistake, no newly discovered evidence, no fraud in this case, and no basis to conclude the Dismissal Order is void; he instead reasserts arguments already made in the Opposition and rejected in the Dismissal Order, which does not satisfy any enumerated ground under Civil Rule 60(b)(1)–(5), nor does it rise to the level of "extraordinary circumstances" required under the catch-all provision of Civil Rule 60(b)(6).[21]

To the extent Plaintiff's citation to T.M. v. University of Maryland Medical System Corp. could be read as an attempt to raise a new legal argument, it fails for the same reason: T.M. was already considered and was the basis for the Dismissal Order itself, so it cannot constitute newly discovered evidence or a change in law arising after judgment.[22]

Plaintiff's contention that the Dismissal Order misapplied Behr v. Campbell, 8 F.4th 1206 (11th Cir. 2021), mischaracterizes both the doctrine and the Court's analysis. In Behr, the Eleventh Circuit clarified

---

[20] Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993).

[21] Doc. 49, pp. 2–10; Doc. 28, pp. 5–19; Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005); BLOM Bank SAL v. Honickman, 605 U.S. 204, 206 (2025) ("We have consistently held that only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall.").

[22] Doc. 34 ,pp. 4–5 & nn.7–9 (citing T.M. v. Univ. of Md. Med. Sys. Corp., 146 S. Ct. 1739 (2026)); Fed. R. Civ. P. 60(b)(2).

that "considering whether a claim is 'inextricably intertwined' with a state court judgment is not a second prong of the analysis; it is merely a way of ensuring that courts do not exercise jurisdiction over the appeal of a state court judgment simply because the claimant does not call it an appeal of a state court judgment."[23] That is precisely what is occurring here. The threshold question under Rooker-Feldman is whether the federal plaintiff is a state-court loser complaining of an injury caused by the state court judgment itself and inviting the federal court to review and reject that judgment.[24] Here, Plaintiff is a state-court loser seeking to undo the Final Judgment of Foreclosure entered against him before he commenced this adversary proceeding. Plaintiff's alleged injury, namely the loss of his home, stems directly from, and could not have occurred but for, the state court's entry of that foreclosure judgment.

Counts I, II, and III each represent an attempt to mask a direct appeal of the state court judgment under bankruptcy and state-law labels. Count I attacks the assignment to challenge the foreclosing party's standing; Count II challenges the post-judgment execution process; and Count III attempts to frame the issue as an avoidance

---

[23] Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021).
[24] Id.

action. Because the success of each count depends entirely on finding that the state court's Final Judgment of Foreclosure was erroneous and must be effectively nullified, the claims are "inextricably intertwined" in the exact sense described by Behr. They are an impermissible request for this Court to exercise appellate jurisdiction over a state court judgment. Plaintiff's arguments on reconsideration fail to demonstrate any legal mistake or extraordinary circumstance under Civil Rule 60(b).

Plaintiff's renewed argument that Neil F. Luria lacked authority under § 1107(a) to execute the assignment on February 24, 2020, which was three (3) days after the underlying Taylor, Bean & Whitaker Chapter 11 case closed, fares no better under Civil Rule 60(b). Like Plaintiff's "void, not voidable" theory, this argument merely asserts the assignment was invalid to overturn the foreclosure judgment. But even applying the Behr framework, any claim requiring this Court to find the assignment defective is barred by Rooker-Feldman because it attacks the essential state court adjudication that the foreclosing party held a valid, enforceable interest, which the Dismissal Order already addressed.[25] This authority-based challenge is not a distinct claim; it is the exact same

[25] Id.

assignment-validity theory. Because the prior Rooker-Feldman analysis forecloses any claim premised on the assignment's invalidity regardless of the specific defect alleged (whether framed as "void, not voidable" or as a defect in the signatory's authority), Plaintiff's § 1107(a) "federal question" argument likewise fails to present an independent basis for relief.

Plaintiff's contention that Count III escapes Rooker-Feldman because § 544 vests exclusive avoidance jurisdiction in the bankruptcy court misapprehends the doctrine. The relevant inquiry is not whether some other court could have heard the claim, but whether the claim as pled requires this Court to review and reject a state court judgment, and Count III's success depends entirely on a finding that the assignment was void, which is the same finding that would undo the Final Judgment of Foreclosure.[26]

In any event, Count III fails on an independent, threshold ground. Avoidance actions under § 544 are ordinarily available only to a bankruptcy trustee, not to a debtor. Section 522(h) provides a narrow exception allowing a Chapter 7 debtor to bring such an action, but only if

[26] Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Doc. 34, at 6–7 (quoting Titusville-Cocoa Airport Auth. v. Islands Int'l Group, Inc., Case No. 6:25-cv-01074-AGM, 2026 WL 2128538, at *4 (M.D. Fla. July 23, 2026)).

the debtor shows, among other elements, that the trustee has not attempted to avoid the transfer and that the debtor could have exempted the property from the estate had the trustee (rather than the debtor) avoided it.[27] Plaintiff has pleaded neither. Because Plaintiff has not established, or even attempted to plead, the predicate elements of § 522(h), he lacks standing to invoke § 544 independent of the Rooker-Feldman bar. Relabeling his challenge to the assignment as an avoidance action does not confer standing he has not established.

Plaintiff's request to add the Alachua County Clerk of Court as a party under Civil Rule 19 does not identify any mistake or newly discovered fact under Civil Rule 60(b)(1) or (2); it instead asks the Court to reconsider a ruling that rested on two independent grounds, only one of which (failure to serve the Clerk) joinder could conceivably address, since the Dismissal Order separately held that the relief sought is mandamus-type relief against a state official that this Court lacks authority to grant regardless of joinder.[28] The Dismissal Order's express bar on amended pleadings seeking the same or similar relief further

[27] See 11 U.S.C. § 522(h); In re Hamilton, 125 F.3d 292, 297 (5th Cir. 1997); DeMarah v. United States (In re DeMarah), 62 F.3d 1248, 1250 (9th Cir. 1995).
[28] Doc. 34, pp. 8–9.

forecloses this request.[29]

## CONCLUSION

Because Plaintiff has not identified any ground cognizable under Civil Rule 60(b), the Reconsideration Motion is due to be denied whether construed under Civil Rule 59(e) or Civil Rule 60(b).[30]

Plaintiff is improperly attempting to use the bankruptcy system as another forum in which to challenge, delay, or undo adverse state-court judgments concerning his residence. Bankruptcy jurisdiction is not a substitute for state appellate review, nor does the filing of a bankruptcy case permit a litigant to relitigate matters already determined by a state court of competent jurisdiction. To the extent Plaintiff's requested relief depends on a finding that the state court erred in entering judgment, adjudicating rights in the property, or allowing enforcement against the home, the request is an impermissible collateral attack on those judgments. The proper avenue to challenge an allegedly erroneous state judgment was through the state appellate process; not through bankruptcy proceedings seeking a different result.

[29] Doc. 34, p. 11, ¶ 6.
[30] Fed. R. Civ. P. 59(e), 60(b).

The procedural history reinforces that conclusion.[31] For years Plaintiff has invoked multiple forums in an effort to preserve possession of his house, despite the state-court determinations governing the parties' rights. That pattern does not transform a settled state-law dispute into a bankruptcy matter. Rather, it reflects repeated efforts to obtain, through a new procedural vehicle, relief that the state courts have declined to afford. Principles of finality, including Rooker-Feldman where applicable and claim and issue preclusion, prevent a lower federal court from functioning as a de facto appellate court over state judgments. Bankruptcy courts may adjudicate rights created by the Bankruptcy Code, such as the automatic stay, claims allowance, or discharge-related issues, but they may not revisit the merits of a state foreclosure or property judgment simply because its enforcement threatens the debtor's continued ownership or occupancy of a home.

For the reasons stated, it is **ORDERED**:

1. The *Motion for Reconsideration Pursuant to Bankruptcy Rule 9023 (Fed. R. Civ. P. 59(e))* ("Reconsideration Motion," Doc. 49) is DENIED.

---

[31] See Dismissal Order, Doc. 34, pp. 2–7.

2. Because Plaintiff's Reconsideration Motion was untimely filed, it did not toll or postpone the time to file an appeal under Bankruptcy Rule 8002(b)(1). Consequently, Plaintiff's *Notice of Appeal* (Doc. 50) became effective immediately upon its filing on September 1, 2026, and its validity and progression are unaffected by the entry of this Order.
3. The Court having ordered at a hearing held on September 16, 2026, that the *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 41) is disapproved, the Clerk of Court is DIRECTED to promptly transmit the *Notice of Appeal* (Doc. 50), along with the record on appeal and a copy of this Order, to the United States District Court for the Northern District of Florida in accordance with Bankruptcy Rule 8003.
4. Plaintiff's *Motion for Stay Pending Appeal* (Doc. 53) remains pending for separate disposition, and the pendency of that motion does not affect the validity, timeliness, or continued progress of the *Notice of Appeal* (Doc. 50).

**End of Order**

cc: all parties in interest, including: Nixon Arneus, 6511 NW 27th Ter, Gainesville, FL 32653